UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN D. MARROW,

                Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL,

                Defendant.

06 Civ. 13681 (RO)

**ORDER**

OWEN, District Judge:

**INTRODUCTION**

    Plaintiff brings this action under the following federal and state statutes: 1) the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), 1981, and 1983; 2) Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829; and 3) New York State laws, specifically N.Y. Labor Law §§ 1-911, N.Y. Civil Rights Law §§ 1-90 and Human Rights Law (N.Y. Exec. Law §§ 290-300). This basis of Plaintiff's claims is his assertion that his employment with the United States Postal Service ("USPS") was terminated for discriminatory reasons.

    On December 9, 2005, Plaintiff was removed from employment at USPS.[1] Plaintiff filed a complaint with the USPS Equal Employment Opportunity ("EEO") office on January 28, 2006, alleging that he was discriminated against on the basis of race and age. After a complete

---

[1] The facts and procedural history of this case are fully explained in the Report and Recommendation, and will not be repeated in this Order.

1

investigation, the EEO submitted a report that Plaintiff was not terminated for discriminatory reasons. Plaintiff then filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), which was denied on September 1, 2006, when the EEOC issued a Final Notice of Decision denying Plaintiff's discrimination claims. Plaintiff filed this action on December 4, 2006. Presently before the Court is Defendant's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, filed on September 25, 2009.

On May 27, 2010, Magistrate Judge George A. Yanthis issued a Report and Recommendation (the "Report") in which he recommended that defendant's motion be granted in full and that the entirety of plaintiff's claims be dismissed. Neither party filed objections to the Report. On August 26, 2010, this case was transferred from Judge Stephen C. Robinson to this Court. For the reasons explained below, the Court adopts the Report in its entirety. Accordingly, Defendant's motion for summary judgment is hereby GRANTED in full, and all of plaintiff's claims are hereby DISMISSED.

**DISCUSSION**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Neither parties filed objections to the Judge Yanthis' Report and Recommendation. The Court has nevertheless conducted a *de novo* review of the objections.

2

Title VII Claims

Plaintiff's allegations that he was terminated for discriminatory reasons are bare and unsupported by the evidence. Furthermore, Defendant articulated several legitimate nondiscriminatory reasons for terminating Plaintiff. As such, Plaintiff has failed to submit evidence that infers discrimination under Title VII. Accordingly, Plaintiff's VII claims are dismissed. Similarly, Plaintiff's allegation that USPS has a pattern and practice of disparate treatment must fail, because individuals cannot maintain actionable pattern or practice claims.

42 U.S.C. § 1981, 1983, and New York State Law Claims

Plaintiff's claims fail because Title VII, rather than the various federal and state laws asserted by Plaintiff, is the exclusive vehicle by which claims arising from alleged discrimination in federal employment may be raised. Accordingly, Plaintiff's claims under 42 U.S.C. § 1981 and § 1983, and New York State law, must be dismissed.

ERISA

Plaintiff's ERISA claims must be dismissed because ERISA does not apply to employee benefits plans such as the USPS' plan in this action, which are governmental plans.

**CONCLUSION**

As explained above, the Court concurs with the Report and Recommendation of Magistrate Judge Yanthis, and hereby adopts it, in its entirety, as the Order of this Court.

Accordingly, defendant's motion for summary judgment is hereby GRANTED in full, and all of plaintiff's claims are hereby DISMISSED.

SO ORDERED.

March 23, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE

4